IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Jackson,<br><br>         Petitioner,<br><br>vs.<br><br>Randy Tracy,<br><br>         Respondent. | No. CV 11-0448-PHX-FJM (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

   Petitioner, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1303 and 28 U.S.C. § 2241 (Doc. 22, Attachment, Redacted Petition for Writ of Habeas Corpus; Doc. 25, Order allowing filing of redacted duplicate of Doc.1). Petitioner challenges his conviction and sentence imposed by the Gila River Indian Community Court (CR2007-0819). On February 10, 2012, Petitioner, represented by appointed counsel, filed a Motion for Summary Judgment (Doc. 20) supported by a Statement of Facts (Doc. 21). Petitioner seeks to have his Petition for Writ of Habeas Corpus granted and to be released from all collateral consequences of his conviction unless he is retried and convicted in a manner that does not infringe his legal rights. Respondent Randy Tracey is the Chief Administrator of the Gila River Indian

Department of Rehabilitation and Supervision (Doc. 22, Attachment, Redacted Petition for Writ of Habeas Corpus at ¶ 9). Respondent has filed a Response in Opposition (Doc. 23), Response to Statement of Facts (Doc. 24), and Notice of Filing Documents from Petitioner's Gila River Indian Community Court Case (Doc. 16). Petitioner has filed a Reply (Doc. 26). The parties have provided citations to supplemental authority (Doc. 27 & 28).

## BACKGROUND

Petitioner is an enrolled member of the Gila River Indian Community ("the Community"), a federally recognized Indian tribe in Sacaton, Arizona (Doc. 21, Petitioner's Statement of Facts ("PSOF") ¶ 1). On August 7, 2007, the Community filed a seven-count Criminal Complaint charging Petitioner with the following violations of the Community's Criminal Code: Count 1: domestic violence by knowingly committing a "qualifying offense" in violation of Criminal Code § 2.1109(3)(A); Count 2: child abuse in violation of Criminal Code § 2.1104; Counts 3 and 4: molestation of a child in violation of Criminal Code § 2.820; Counts 5 and 6: sexual abuse in violation of Criminal Code § 2.818(A); and, Count 7: sexual conduct with a minor in violation of Criminal Code § 2.819 (A) (*Id.* ¶ 16, Ex. F).[1] The charges stemmed from Petitioner's alleged conduct with a 14-year minor female at their shared residence on or about July 28, 2007 (*Id.* ¶¶ 2-6, Ex. A). Petitioner was taken into custody on November 4, 2007 after having been previously released (*Id.* ¶¶ 17-18, Ex. G & H).

At his November 5, 2007 arraignment, Petitioner appeared with attorney Ingrid Jung of the Community's Defense Services Office and pleaded not guilty to all charges (Doc. 21, PSOF ¶ 19, Ex. I). Jessica Turk, another attorney from the Defense Services Office, filed a notice of appearance on Petitioner's behalf on November 14, 2007 (*Id.* ¶ 20, Ex. J). However, Petitioner chose to retain Renay Peters who had represented him in other matters

---

[1] The exhibits cited by Petitioner in his Statement of Facts (Doc. 21) have been submitted with his Motion for Summary Judgment (Doc. 20).

- 2 -

1  (*Id.* ¶ 20, Ex. K).  Peters, a tribal "advocate," had no law degree and was not an attorney (*Id.*
2  ¶ 21, Ex. K).

3  Peters appeared as "representing" Petitioner at the December 20, 2007 pretrial hearing
4  and confirmed that Petitioner was pleading not guilty (Doc. 21, PSOF ¶¶ 23-24, Ex. N).
5  Peters requested and was provided with initial discovery from the Community prosecutor (*Id.*
6  ¶¶ 25-26, Ex. N).  The court ordered the Community to complete its discovery obligations
7  within 45 days and set a bench trial for March 18, 2008 (*Id.* ¶ 26, Ex. N).

8  On March 4, 2008, the Community filed a motion to continue trial because the DNA
9  analysis of evidence taken from the victim and Petitioner had not been completed (*Id.* ¶ 27,
10 Ex. O). The Community served the motion to continue on Peters by mail, no response was
11 filed, and the court granted a continuance of trial until April 17, 2008  (*Id.* ¶¶ 27-28, Ex. O
12 & P).  On March 31, 2008, the Community filed another motion to continue trial based on
13 incomplete DNA testing which it served on Petitioner (*Id.* ¶¶ 29-30, Ex. Q).  The court noted
14 in an order dated April 2, 2008 that although a minute report showed Renay Peters as counsel
15 of record, Peters had not filed a notice of appearance (*Id.* ¶ 30, Ex. M).  Petitioner did not file
16 a response to the Community's second continuance motion and the court reset trial for May
17 13, 2008 (*Id.* ¶ 31, Ex. A).

18 On May 9, 2008, the Community mailed a discovery packet to Petitioner that included
19 reports of law enforcement's interrogation of Petitioner and of their interview of  the victim,
20 and laboratory reports regarding the DNA analysis (Doc. 21, PSOF ¶¶ 32-34, Ex. C). The
21 April 18, 2008 laboratory report stated that "[n]o DNA results were obtained" from the anal
22 swabs taken from the victim and the DNA from the blanket taken from the victim's bed did
23 not match Petitioner's DNA (*Id.* ¶ 33, Ex. C at 7, 16-17). Petitioner allegedly received this
24 discovery packet on May 12, 2008 (*Id.* ¶ 34).

25 On May 12, 2008, Peters entered his appearance on Petitioner's behalf (Doc. 21,
26 PSOF ¶ 35, Ex. R). Peters also filed a motion to dismiss the case contending no evidence had
27 been forwarded to Petitioner or counsel (*Id.* ¶ 36, Ex. S).
28

- 3 -

1       The case proceeded to trial on May 13, 2008. Petitioner allegedly showed Peters the discovery packet he had received the preceding day and Peters withdrew his motion to dismiss (*Id.* ¶¶ 37-38 & Ex. A at 4). Prior to opening statements, the Community served Petitioner with an Amended Complaint that modified Counts 4 and 5 by alleging Petitioner's touching of the victim included "and/or anus" (*Id.* ¶ 40, Ex. T).

      Trial testimony was presented by the victim, the victim's mother, and Gila River Police Corporal Toby Indorf who interviewed the victim on the morning of the alleged incident (Doc. 21, PSOF ¶¶ 41-52, Ex. A). The court found Petitioner guilty of Counts 1 through 6 and not guilty on Count 7 (*Id.* ¶ 57, Ex. A at 60-65).

      On May 19, 2008, Petitioner filed a motion seeking to have Peters withdrawn from the case (*Id.* ¶ 58, Ex. U). On May 20, 2008, Peters filed a motion to withdraw (*Id.* ¶ 59, Ex. V). Petitioner filed a motion for new trial which the Community Court denied on June 4, 2008 (*Id.* ¶ 60, Ex. W & X). Petitioner appealed to the Community Court of Appeals and argued that Peters had provided ineffective assistance of counsel (*Id.* ¶ 61, Ex. Y). The Community Court of Appeals issued a Memorandum Decision on May 27, 2010 denying Petitioner's appeal and remanding for sentencing (*Id.* ¶ 62, Ex. Z).

      The Community Court had stayed Petitioner's sentencing pending completion of his appeal and other relief (Doc. 21, PSOF ¶ 63, Ex. AA). On December 20, 2010, the Community Court ordered Petitioner released on bond and required him to report weekly to the probation department pending sentencing (*Id.* ¶ 64, Ex. BB). On February 11, 2011, the court ordered Petitioner to register as a sex offender (*Id.* ¶ 65, Ex. CC). Petitioner filed his Petition for Writ of Habeas Corpus in the federal district court on March 8, 2011 (Doc. 20 at 10 (citing Doc. 1) & Doc. 21, PSOF ¶ 66). On May 26, 2011, the Community Court sentenced Petitioner to the Department of Rehabilitation and Supervision for three years time served, entered a restraining order prohibiting him from contacting the victim, and ordered that he continue to register as a sex offender (Doc. 21, PSOF ¶ 67, Ex. DD).

**DISCUSSION**

Petitioner contends in Ground One that his conviction violates provisions of the ICRA because he was improperly denied his right to counsel regarding his representation by Peters who was a tribal advocate. He contends in Grounds Two and Three that the Community failed to comply with provisions of the Community Criminal Code and violated his right to due process by failing to deliver certain witness statements until right before trial and by presenting him with an Amended Complaint on the morning of trial. Respondent contends that the Petition for Writ of Habeas Corpus should be denied and dismissed because Petitioner is no longer in custody and the only collateral consequence of his conviction is the requirement that he register as a sex offender. Respondent has submitted other arguments in contending the habeas petition should be denied.

Section 1303 of the ICRA provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. As used in § 1303, the term "detention" is "interpreted similarly to the 'in custody' requirement of other habeas contexts." *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010) (citing *Moore v. Nelson*, 270 F.3d 789, 791 (9th Cir. 2001)).

Petitioner contends he satisfies the "in custody" requirement because he was pending sentencing subject to possible additional incarceration when he filed his petition on March 8, 2011. A petitioner is "in custody" for purposes of habeas corpus jurisdiction while released on his own recognizance pending sentencing. *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 894 (2d Cir. 1996) (citing *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). "[I]f a petitioner is in custody at the time he files his federal habeas petition, his subsequent release from custody does not deprive the court of its jurisdiction." *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (citation omitted). The Ninth Circuit has held that the ongoing obligation to register as a sex offender does not satisfy the "in custody" requirement but is more properly characterized as a collateral consequence of conviction. *Williamson v. Gregoire*, 151 F.3d 1180, 1183-85 (9th Cir. 1998). It may be

presumed that an alleged unlawful conviction has continuing "collateral consequences" such that a habeas petition is not moot. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *Chaker*, 428 F.3d at 1219. The court will consider the Petition for Writ of Habeas Corpus.

In Ground One, Petitioner argues he was denied his right to counsel because he received ineffective assistance of counsel as a result of his representation by Peters, a tribal advocate. Petitioner has identified a number of alleged deficiencies in the representation Peters provided. At the time of Petitioner's trial, the ICRA provided that "[n]o Indian tribe in exercising powers of self-government shall . . . deny to any person in a criminal proceeding the right . . . at his own expense to have the assistance of counsel for his defense." 25 U.S.C. § 1302(6) (2008).[2] The ICRA also provided that no Indian tribe in exercising powers of self-government shall "deprive any person of liberty or property without due process of law." 25 U.S.C. § 1302(8) (2008).

Criminal defendants are entitled to the effective assistance of counsel under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 684, 686 (1984). However, "[t]he Sixth Amendment right to counsel does not apply in tribal court proceedings." *United States v. Mitchell*, 502 F.3d 931, 960 n.3 (9th Cir. 2007). The ICRA has provided for a right to retained counsel only. *Id.* (citing *United States v. Percy*, 250 F.3d 720, 725 (9th Cir. 2001)). Petitioner acknowledges that Peters had no law degree and was not an attorney (Doc. 21, PSOF ¶ 21). *See United States v. Alone*, 2011 WL 2708732 *4 (D. S. D. 2011) ("It has been a longstanding precedent in the District of South Dakota that a lay advocate does not constitute 'counsel' for Sixth Amendment purposes"). Petitioner was not represented by an attorney in the tribal proceedings. He has no claim of ineffective assistance of counsel.

---

[2] The ICRA was amended on July 29, 2010 by the Tribal Law and Order Act of 2010, codified at 25 U.S.C. § 1301 et seq. *See United States v. Cavanaugh*, 643 F.3d 592, 596 (8th Cir. 2011); *United States v. Alone*, 2011 WL 2708732 * 4-6 (D.S.D. 2011). The parties do not contend that the Tribal Law and Order Act of 2010 applies to this case. *See* Doc. 23 at 3 n.1.

1    In support of Ground Two, Petitioner again relies on § 1302(8) as securing his right
2 to due process of law. Petitioner cites § 2.1311(B) of the Community's Criminal Code as
3 requiring the Community prosecutor "[a]t the pretrial conference" to provide the defendant
4 or his counsel with the "written or recorded statements" of "all persons whom they will call
5 as witnesses at trial" (Doc. 20 at 16; Doc. 21, PSOF ¶ 69, Ex. EE). Petitioner contends the
6 Community breached this requirement when it failed to deliver crucial witness statements
7 until a few days before trial. Petitioner's due process claim is based on an alleged breach of
8 a procedural requirement under the Community's Criminal Code and does not assert a federal
9 claim under the ICRA. *See Alvarez v. Tracey*, 2012 WL 1038746 *5 (D. Ariz. 2012).

10    In Ground Three, Petitioner argues a violation of his right to due process and "to be
11 informed of the nature and cause of the accusation" under 25 U.S.C. § 1302(6) & (8) (2008)
12 because the Community served him with a substantive Amended Complaint on the morning
13 of trial. At the commencement of trial and before opening statements, the matter of the
14 Amended Complaint regarding Counts 4 and 5 was discussed and the trial court sought to
15 arraign Petitioner on the charges. Petitioner waived the reading of his rights, maintained his
16 not guilty plea, and proceeded to go forward with trial (Doc. 20, Ex. A at 4-5). Petitioner has
17 not shown he was deprived of his right to be informed of the nature and cause of the
18 accusation.

19 **IT IS THEREFORE RECOMMENDED:**

20    That Petitioner's Motion for Summary Judgment (Doc. 20) be **denied**.

21 **IT IS FURTHER RECOMMENDED:**

22    That Petitioner's Petition for Writ of Habeas Corpus (Doc. 1 & 22, Attachment,
23 Redacted Petition for Writ of Habeas Corpus) be **denied and dismissed with prejudice**.

24    This recommendation is not an order that is immediately appealable to the Ninth
25 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
26 Appellate Procedure, should not be filed until entry of the district court's judgment. The
27 parties shall have 14 days from the date of service of a copy of this recommendation within
28 which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 17th day of July, 2012.

/s/ Edward C. Voss
Edward C. Voss
United States Magistrate Judge