**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Jackson, ) | CV 11-00448-PHX-FJM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Randy Tracy; Gila River Indian ) | |
| Community Court, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The court has before it petitioner's petition for writ of habeas corpus (doc. 1) and motion for summary judgment (doc. 20), respondents' response (doc. 23), and petitioner's reply (doc. 26). We also have before us the magistrate judge's report and recommendation (doc. 29), and petitioner's objections (doc. 30). Respondents did not respond to petitioner's objections, and the time for responding has expired.

**I**

Petitioner is a member of the Gila River Indian Community ("the Tribe"). In August 2007, the Tribe filed a seven-count criminal complaint, charging petitioner with domestic violence, child abuse, two counts of child molestation, two counts of sexual abuse, and sexual conduct with a minor. These charges arose from petitioner's alleged sexual encounter with a 14-year old girl on July 28, 2007. Petitioner was arraigned on November 5, 2007. He appeared with an attorney from the Tribe's Defense Services Office and pled not guilty.

1 Another attorney from the Defense Services Office filed a notice of appearance on
2 petitioner's behalf later that month. Petitioner, however, chose to retain Renay Peters, a tribal
3 "advocate." Peters had no law degree and was not a lawyer. He appeared at a pretrial
4 hearing in December 2007 and was provided with initial discovery. After a few
5 continuances, the case was set for a bench trial on May 13, 2008.

6 The Tribe mailed a discovery packet to petitioner on May 9, 2008 that included DNA
7 analysis reports concluding that DNA found on the blanket on the victim's bed did not match
8 petitioner's DNA, and that no results were obtained from anal swabs taken from the victim.
9 Peters entered his appearance on petitioner's behalf on May 12, 2008.

10 On May 13, 2008, prior to opening statements, the Tribe served petitioner with an
11 amended criminal complaint. The amended complaint modified count four (one of the child
12 molestation counts) and count five (one of the sexual abuse counts) by alleging that
13 petitioner's touching of the victim included "and/or anus." The tribal court sought to arraign
14 petitioner on the amended charges. Petitioner, through Peters, waived the reading of his
15 rights, reasserted his not guilty plea, and proceeded to go forward with trial (doc. 20, ex. A
16 at 3-5). The tribal court found petitioner guilty of counts one through six, and not guilty of
17 the final count for sexual contact with a minor.

18 After moving to have Peters withdrawn from the case, petitioner filed a motion for a
19 new trial, which was denied. Petitioner then appealed to the Tribe's court of appeals, arguing
20 that Peters had provided ineffective assistance of counsel. The court of appeals denied
21 petitioner's appeal in May 2010, noting that

> [w]hile the Code does not mandate the Tribe to provide counsel for a defendant, it is silent on the requirement for lay counselors who practice before the Community Courts. . . Lay counselors are permitted to practice in tribal courts, however, individuals who choose to employ them for representation must assume the risk of deficiencies in the performance. Once a defendant proceeds with lay counsel it implies a waiver of the right to representation by an attorney. In the absence of a bar exam for lay counselors, they cannot be expected to counter every conceivable issue at trial (doc. 20, ex. Z).

The trial court, which had stayed sentencing pending appeal, ordered Petitioner to register as a sex offender in February 2011. In May 2011, petitioner was sentenced to three years

- 2 -

time served, ordered to continue registering as a sex offender, and was ordered not to contact the victim.

Petitioner filed a petition for writ of habeas corpus pursuant to 25 U.S.C. § 1303 on March 8, 2011, asserting three claims for relief under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1302 (2008): (1) that his conviction violates 25 U.S.C. §§ 1302(6) and 1302(8) because he was improperly denied his right to counsel; (2) that the Tribe violated his right to due process under 25 U.S.C. § 1302(8) when it failed to provide written or recorded witness statements prior to trial as required by the Tribe's criminal code; and (3) that his conviction violated his right to due process and to be informed of the charges against him under 25 U.S.C. §§ 1302(6) and 1302(8) because the Tribe served him with an amended criminal complaint on the morning of trial.[1] Petitioner moves for summary judgment on all three claims.

The magistrate judge concluded that petitioner was in custody when the habeas petition was filed and that the petition was not moot. However, the magistrate judge recommends that petitioner's motion for summary judgment and his habeas petition be denied with respect to all three claims.

**II**

Petitioner does not object to the accuracy of the magistrate judge's recitation of the facts, and does not object to the magistrate judge's recommendation that we deny relief with respect to claim two. He argues, however, that he is entitled to summary judgment on claims one and three.

First, petitioner argues that the magistrate erred in concluding that petitioner had no claim for ineffective assistance of counsel concerning the representation of Peters, a lay advocate and non-lawyer. According to petitioner, because ICRA's right to counsel parallels the Sixth Amendment of the Constitution, except for the fact that ICRA does not guarantee

---

[1] Petitioner does not contend that the current version of ICRA, which was amended in July 2010, applies to this case.

- 3 -

counsel at government expense, we should apply federal constitutional standards to determine whether his right to counsel was violated. Petitioner argues that Peters's performance was obviously deficient under the standards set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984), standards which apply to both retained and appointed lawyers, and that Peters's deficient performance prejudiced him. Further, petitioner argues that his right to due process was violated because Peters's performance was "profoundly deficient." <u>Objection</u> at 9.

Under <u>Strickland</u>, the right to effective assistance of counsel is guaranteed by the Sixth Amendment. <u>Strickland</u>, 466 U.S. at 685, 104 S. Ct. at 2063. However, "the Sixth Amendment right to counsel does not apply in tribal court criminal proceedings." <u>United States v. Percy</u>, 250 F.3d 720, 725 (9th Cir. 2001) (citation omitted); <u>see also</u> <u>United States v. Mitchell</u>, 502 F.3d 931, 960 n.3 (9th Cir. 2007) ("The Sixth Amendment right to counsel does not apply in tribal court proceedings. . . [ICRA], 25 U.S.C. § 1302, provides for a right to retained counsel only.") (internal citation omitted); <u>United States v. Alone</u>, No. CR 11-50031-JLV, 2011 WL 2708732, at *4 (D.S.D. July 12, 2011) ("It has been a longstanding precedent in the District of South Dakota that a lay advocate does not constitute 'counsel' for Sixth Amendment purposes."). Petitioner has not identified any authority applying the standards of <u>Strickland</u> to the context of a tribal criminal proceeding where representation by a non-lawyer advocate is permitted. Petitioner's contention ignores the fact that the Bill of Rights is not applicable to tribes. <u>Talton v. Mayes</u>, 163 U.S. 376, 16 S. Ct. 986 (1896). And, of course, the Fourteenth Amendment is applicable to states, not tribes.

Even assuming that Peters could assert a claim for ineffective assistance of counsel and apply <u>Strickland</u>, simply grafting <u>Strickland</u> standards (and case law interpreting those standards) onto lay advocates, as petitioner suggests we do, is troublesome. Under <u>Strickland</u>, we determine whether a lawyer's representation was objectively unreasonable by looking to "prevailing professional norms." <u>Strickland</u>, 466 U.S. at 688, 104 S. Ct. at 2065. Here, petitioner has compared his representation by Peters, a person who he acknowledges did not even have a law degree, to cases where the Ninth Circuit found that a lawyer's

- 4 -

performance was deficient as compared to other lawyers. By contrast, the Ninth Circuit has noted that "one never admitted to practice law and therefore who never acquired the threshold qualification to represent a client in court cannot be allowed to do so, and no matter how spectacular a performance may ensue, it will not constitute 'effective representation of counsel' for purposes of the Sixth Amendment." United States v. Mouzin, 785 F.2d 682, 697 (9th Cir. 1986).

Thus, even if petitioner can assert a Strickland claim, it would be improper to compare Peters's performance to that of trained lawyers. Rather, in a system that permits representation of criminal defendants by non-lawyers with no legal training, Peters's performance should be compared, if at all, to the standards for other non-lawyers appearing in tribal court. Petitioner has not made a showing, that Peters' performance fell below the standard of other non-lawyer advocates appearing in tribal court. Indeed, the tribal court recognized when denying petitioner's appeal that while "[l]ay counselors are permitted to practice in tribal courts, [] individuals who choose to employ them for representation must assume the risk of deficiencies in the performance" (doc. 20, ex. Z). Petitioner's due process argument in claim one is predicated on the premise that Peters's performance was profoundly deficient as compared to trained lawyers. For the reasons discussed above, we agree with the magistrate judge that petitioner should be denied relief on claim one. If there be abuses here, they are the price of tribal separatism.

Finally, petitioner argues that the magistrate judge erred in recommending that he be denied relief on his third claim that the Tribe violated his right to due process and to be informed of the charges against him when it served him with an amended criminal complaint the morning of trial. See 25 U.S.C. §§ 1302(6), 1302(8) (2008). There is no indication that petitioner made any attempt to move for a continuance of the trial. To the contrary, petitioner concedes that the amended complaint was discussed prior to trial, he waived a reading of his rights, maintained his plea of not guilty, and proceeded to trial that morning. We agree with the magistrate judge's recommendation that petitioner has not shown that he was deprived of his right to be informed of the nature of the amended charges against him.

## III

Accordingly, **IT IS ORDERED ACCEPTING** the report and recommendation (doc. 29) and **DENYING** petitioner's petition for writ of habeas corpus (doc. 1). **IT IS ORDERED DENYING** petitioner's motion for summary judgment (doc. 20). **IT IS FURTHER ORDERED DENYING** a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk shall enter judgment.

DATED this 27th day of August, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge